Scott M. Grace S.B.N. 236621
The Grace Law Group, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax:  619-923-3661

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MOLLISON,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES LP, and DOES 1-10,<br><br>Defendants, | Case No.: **'18CV1023 H    WVG**<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.   This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, DAVID MOLLISON, (hereinafter PLAINTIFF) against Defendants LVNV FUNDING, LLC (hereinafter LVNV), and RESURGENT CAPITAL SERVICES LP (hereinafter RESURGENT), and Does 1-10,

1

COMPLAINT

for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the California Fair Debt Buying Practices Act, Cal. Civ. Code §1788.50, *et seq.* (hereinafter "FDBPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), all of which prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**JURISDICTION AND VENUE**

4. This action arises out of Defendant's violations of the FDCPA under 15 U.S.C. §1692, *et seq.*, the California Fair Debt Buying Practices Act, Cal. Civ. Code §1788.50, *et seq.*, and violations of the California Rosenthal Act under Cal. Civ. Code §1788, *et seq.*

5. Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6. As Defendants engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**THE PARTIES**

8. Plaintiff is a natural person residing in Oceanside, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a consumer debt, allegedly owed to LVNV

(hereinafter "Debt"), and a "person" as that term is defined by Cal. Civ. Code §1788.2(g), and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act.

9. LVNV's principal purpose is the collection of any debts. The first prong of 15 U.S.C. § 1692(a)(6) of the FDCPA applies. The second prong discussed in *Henson v. Santander Consumer USA, Inc*., 137 S. Ct. 1718 does not apply in these facts. See *Schweer v. HOVG, LLC*, No.3:16-CV-1528, 2017 WL 2906504, at *5 (M.D. Pa. July 7, 2017) (quoting at 1721; see also *McAdory*, 2017 WL 5071263, at *4 n.1 ("Plaintiff clarified she was relying on only the first "principal purpose" definition. Any further reliance on *Henson* by Defendant is inapposite here, as *Henson* specifically considers only the second 'regularly collects . . . debts owed or due . . . another'

10. LVNV then attempts to collect the bought debts by filing suits. It is the plaintiff in more than 500 collection lawsuits, filed in California courts, that were pending in the year before this complaint was filed.

11. In doing these things, LVNV uses the U.S. Postal Service and telephone system.

12. Resurgent is a limited partnership entity organized under Delaware law, with offices at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401.

13. Resurgent uses the U.S. postal service and telephone system to attempt collection of alleged consumer debts that were originally owed to others. In its business, it holds one or more collection agency licenses.

14. Resurgent is a "debt collector" under 15 U.S.C. §1692a.

FACTS

15. All actions taken in the name of LVNV are in fact taken by Resurgent, under an agreement and power of attorney LVNV executed in Resurgent's favor. [See *Mitchel v LVNV Funding et al.,* 2:12-cv-00523-TLS, Doc. 176 (ND Ind. December 15, 2017) (Opinion and Order).]

16. LVNV is a "debt collector" under 15 U.S.C. §1692a.

17. LVNV purchases and holds ownership in defaulted debts, that "[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them," and that "[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money" (Pl. Reply. 6–7)—the Plaintiff has additionally put forth the following factual evidence: that LVNV has no employees; that LVNV has a written agreement and power of attorney with Resurgent; that Resurgent is a debt collector; that LVNV files thousands of collection lawsuits in its name; that LVNV described the general character of its business as "consumer debt collection" in its Application for Registration filed in Massachusetts, *Dorrian v.LVNV* Funding, LLC, No. SUCV142684BLS2, 2017 WL 2218773 (Mass. Super. Ct. Mar. 30 2017); that a Massachusetts Superior Court determined that "at least 99 percent of LVNV's gross revenue has been derived from collecting on unpaid consumer debts owed by it," Id.; and that the Illinois Supreme Court has held LVNV to be subject to the state collection act, *LVNV Funding, LLC v. Trice*, 2015 IL 116129, 32 N.E.3d 553 (Ill. May 26, 2015) (Id. 11-12.)

18. LVNV's website states that it "purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency.(http://www.lvnvfunding.com/)

19. It also states that "The management of purchased assets is outsourced to Resurgent Capital Services LP (Resurgent), a third-party specializing in the management of these types of consumer assets. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies."

20. On information and belief, LVNV and Resurgent are under common ownership and management; both are part of the Sherman Financial Group.

21. On information and belief, Resurgent directed the collection acts complained of, even though those acts were done in the name of LVNV.

22. The true names and capacities, whether individual, corporate, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible for the violative conduct alleged in this Complaint, and proximately caused Plaintiff's damages.

**FACTUAL ALLEGATIONS RELATED TO MOLLISON**

23. On or about April 3, 2014, Plaintiff agreed to a line of credit from Credit One Bank, NA.

24. Plaintiff thereafter made payments to Credit One Bank, NA until approximately August 8, 2016.

25. Plaintiff allegedly became delinquent in the payment on the debt allegedly owed to Credit One Bank, NA on or about August 8, 2016.

26. On or about September 12, 2016, Defendant LVNV allegedly acquired the account, and attempted to collect the alleged account.

27. On November 28, 2017, Defendant LVNV, filed a complaint against Plaintiff in the county of San Diego Superior Court, Case No. 37-2017-00045985-CL-CL-NC, claiming an unpaid balance in an amount of $1,424.69. (Exhibit 1)

28. The Complaint (Exhibit 1), which was filed on behalf of Defendant LVNV, falsely states in paragraph 2 that Defendant LVNV "is the only entity that purchased the debt after charge-off." This statement was false, deceptive, and misleading.

29. Attached to the Complaint (Exhibit 1) were approximately 20 pages of documents entitled "Exhibit A" and "Exhibit B," and which contained various bills of sale, "schedules to bills of sale", "transfer and assignment," and redacted files which purportedly relate to the alleged account, and show numerous assignments and transfers of the account on seemingly inconsistent dates.

30. The false, deceptive, and misleading statements made by Defendants were material misstatements that negatively impacted Plaintiff's statutory and legal rights, and misled Plaintiff as to the character, amount, and legal status of the alleged account, thereby causing Plaintiff confusion and anxiety.

31. Although "FDCPA liability [is] not concerned with mere technical falsehoods that mislead no one, but instead genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response," (Footnote omitted) *Donohue,* 592 F.3d at 1034, "literally true statement[s] can still be misleading" and "it is well established that [a statement] is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzalez,* 660 F.3d at 1062. As such, when "faced with ambiguous language," a court is not "to read the language from the perspective of a savvy consumer" who might be expected "to seek explanation of confusing or misleading language in debt collection letters." *Id.* Rather, "the debt collector that fails to clarify that ambiguity does so at its peril." *Id.; see also Becker v. Genesis Fin. Servs.,* 2007 WL 4190473, at *6 (E.D.Wash. Nov.21, 2007) See *Caudillo v. Portfolio Recovery Assocs., LLC*, No. 12-CV-200-IEG RBB, 2013 WL 4102155, at *2 (S.D. Cal. Aug. 13, 2013)

32. At all times herein, Defendants were attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA, and a consumer debt as defined by Cal. Civ. Code §1788.2(f) of the Rosenthal Act.

## FACTS RELATED TO THE CLASS

33. Mollison seeks to represent the class under Fed.R.Civ.P. 23(a) and (b)(3).

34. The class includes all individuals with California addresses whom LVNV sued in California and misstated in those complaints that LVNV "is the only entity that purchased the debt after charge-off" (See *Complaint* [Exhibit 1] ¶ 2 ), when in fact there were prior entities that had purchased the debt after charge off before LVNV, and whose names and addresses were not alleged in the complaint, in violation of Cal. Civ. Code §1788.52(a)(8) and 15 U.S.C. §1692e and e(10), in which the lawsuit was filed and or served between (A) one year prior to the filing of this complaint and (B) 20 days after the filing of this complaint.

35. Numerosity: On information and belief, the class contains at least 40 individual members, making joinder of all members impracticable.

36. Commonality: There are questions of law and fact common to members of the class, which predominate over any individualized questions. The common and predominant question is whether LVNV sued individuals with addresses in California and misstated in those complaints that LVNV "is the only entity that purchased the debt after charge-off" when in fact there were prior entities that had purchased the debt after charge off before LVNV and whose names and addresses were not alleged in the Complaint, in violation of Cal. Civ. Code §1788.52(a)(8) and 15 U.S.C. §1692e and e(10), in which the lawsuit was filed and or served between (A) one year prior to the filing of this complaint, and (B) 20 days after the filing of this complaint.

37. Typicality: Mollison's claim is typical of claims held by members of both classes, as the claim is based on the same facts and legal theories as claims held by class members.

38. Adequate Representation: Mollison will fairly and adequately represent the class members, as he has the same interests in pursuing relief for defendant's illegal conduct as class members have, has no claims antagonistic to class members' claims, and has retained counsel experienced in class actions and FDCPA, Rosenthal, and

California Fair Debt Buying Practices Act litigation who can and will vigorously prosecute the litigation.

39. Predominance and Superiority: A class action is superior to other claim resolution methods, because individual actions (on the same facts and law) are not economically feasible, members of the class are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA, California Rosenthal Act, and California Fair Debt Buying Practices Act.

40. Notice: Plaintiff anticipates that individual notice will be made to each class member by mail to the last known address of the class member based on Defendant's records.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

41. Plaintiff repeats, re-alleges, and incorporates by reference all of the allegations contained in the paragraphs above.

42. LVNV violated the FDCPA. The violations include, but are not limited to, the following:

(1) Using false, deceptive, or misleading representations or means in connection with the debt collection in violation of 15 U.S.C. §1692e and e(10) of the FDCPA; and

(2) Communicating a false impression of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2) of the FDCPA;

43. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

44. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the California Fair Debt Buying Act)

45. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

46. Defendant's acts and omissions violated the California Fair Debt Buying Practices Act including, but not limited to Cal. Civ. Code §1788.58(a)(8), because Defendant failed to allege the names and addresses of all persons or entities that purchased the debt after charge off, as expressly required under Cal. Civ. Code §1788.58(a)(8).

47. As a result of each and every violation of the FDBPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.62(a)(1); statutory damages in the amount of $100.00 to $1,000.00 pursuant to Cal. Civ. Code § 1788.62(a)(2); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(c)(1).

## THIRD CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

48. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

49. Defendant LVNV's acts and omissions were an attempt to collect a debt that violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10), and therefore were not in compliance with the provisions of Sections 1692b to 1692j, of Title 15 of the United States Code, and thus violated the Rosenthal Act including, but not limited to Cal. Civ. Code §1788.17.

50. Defendant LVNV's violations of Cal. Civ. Code §1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include but are not limited to those enumerated above.

51. Defendant LVNV's violations of the Rosenthal Act were willful and knowing, as demonstrated by Defendant's own documents, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act.

52. As a proximate result of the violations of the Rosenthal Act committed by Defendant LVNV, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees, and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays, individually and on behalf of all others similarly situated, that judgment be entered against Defendant, and for Plaintiff and all others similarly situated, and the Class members be awarded damages as follows:

1. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendants, and each of them;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendants, and each of them;

An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a) (3) of the FDCPA against Defendants, and each of them.

3. An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) of the Rosenthal Act, against Defendants, and each of them;

4. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act against Defendants , and each of them.

6. An Award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.30(c) of the Rosenthal Act, against Defendants, and each of them.

7. An award of actual damages pursuant to Cal. Civ. Code §1788.62(a)(1) of the California Fair Debt Buying Practices Act against Defendant;

8. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.62(a)(2) of the California Fair Debt Buying Practices Act against Defendant;

9. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.62(c)(1) of the California Fair Debt Buying Practices Act against Defendant;

10. Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 22, 2018

The Grace Law Group, APC
By /s/ Scott M. Grace
Attorney for Plaintiff
Email: sgrace@lawlh.com